# EXHIBIT "A"



**Leon County Clerk of Courts Secure Web Access**

Hosted By The Leon County Clerk of Courts

| Navigation | Notes | Calendar | File Requests | Print | Help |

Full Case View ⓘ                                                                 *Previous Page*

**37 2019 CA 001714 - MCALPIN, JOHN BURT vs TOWN OF SNEADS FLORIDA**



| Parties with active Attorneys | | | | | | Parties with inactive Attorneys | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Party Status** | **Party** | **Party Code** | **Attorney** | **Attorney Status** | | **Party Status** | **Party** | **Party Code** | **Attorney** | **Attorney Status** |
| | TOWN OF SNEADS FLORIDA , | DEFENDANT | PRO SE | ACTIVE | | | | | | |
| | MCALPIN, JOHN BURT | PLAINTIFF | MARIE A MATTOX | ACTIVE | | | | | | |

Click here for the service list

*Top of Page*                                                                                        *Top of Page*

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| DISCRIMINATION | OPEN | 7/19/2019 | | | COOPER |

*Top of Page*

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|

*Top of Page*

**Judges Appearing on Case**

| Last Name | First Name | Date Assigned | Current Assigned Judge | Source |
|---|---|---|---|---|
| COOPER | JOHN | 7/19/2019 12:37:13 PM | Y | BM |
| CARROLL | KEVIN | 7/19/2019 12:36:53 PM | N | BM |
| CARROLL | KEVIN | 7/19/2019 12:30:01 PM | N | BM |

*Top of Page*

**Starting on December 1, 2015 there will be a $1.00/page charge for all document requests that must be scanned from paper. The icon -- Req$ -- reflects this charge. A requested docket code indicates that there is no image on file and the document may be in the paper case file.**



VOR Statuses   Viewable on Request   Documents   **CLICK HERE TO VIEW ALL AVAILABLE IMAGES ON THIS CASE.**



DOCKET TABLE HEADERS ARE SORTABLE. CLICK FOR ASCENDING, AGAIN FOR DESCENDING ORDER

Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System

**Image Icon Definitions:**

🗂 Available to all users

🗂 Awaiting Redaction: Temporarily available only to Attorney of Record and certain Agencies

🗂 Confidential Document: Only available to Attorney of Record and certain Agencies

| Docket Date | Docket Code | Docket Text | OR Book | OR Page | Action Finalized Date | Source |
|---|---|---|---|---|---|---|
| 7/19/2019 | COMP_CA | COMPLAINT | | | | BM |
| 7/19/2019 | CCS | CIVIL COVER SHEET | | | | BM |
| 7/19/2019 | ORDR | ORDER GRANTING IN PART MOTION TO CORRECT INITIAL FILING OF COMPLAINT, PRESERVE FILING DATE AND ACCEPT COMPLAINT AS TIMELY FILED | | | | BM |

# EXHIBIT "A"

| Date | Code | | Description | | Source |
|------|------|--|-------------|--|--------|
| 7/19/2019 | a002 | | JUDGE COOPER, JOHN C: ASSIGNED | | BM |
| 7/19/2019 | CFLL | | CIVIL FEE LATE LETTER | | BM |
| 7/19/2019 | SUIS | | SUMMONS ISSUED | 7/19/2019 1:16:05 PM | BM |
| 7/19/2019 | CFLL | | CIVIL FEE LATE LETTER | | BM |
| 7/19/2019 | EMAIL | | EMAIL SENT TO MATTOX, MARIE A RE SERVICE OF COURT DOCUMENT – 2019 CA 001714, MCALPIN, JOHN BURT VS. TOWN OF SNEADS FLORIDA WITH 1 ATTACHMENTS: CFLL-7/19/2019 | | BM |
| 7/19/2019 | MOTO | | MOTION TO CORRECT INITIAL FILING OF COMPLAINT, PRESERVE FILING DATE AND ACCEPT COMPLAINT AS TIMELY FILED | | BM |
| 7/23/2019 | MOCV | | MOTION TO TRANSFER VENUE | | BM |
| 7/24/2019 | RECEIPT | | PAYMENT $10.00 RECEIPT #1445476 | | BM |
| 7/26/2019 | ORDR | | ORDER DEFERRING RULING ON MOTION TO TRANSFER VENUE | | BM |
| 7/26/2019 | ROSE | | RETURN OF SERVICE EXECUTED - TOWN OF SNEAD | | BM |

*Top of Page*

| Event | Date | Start | Location | Judge | Result | Source |
|-------|------|-------|----------|-------|--------|--------|

*Top of Page*

| Docket Application | Owed | Paid | Dismissed | Due |
|--------------------|------|------|-----------|-----|
| COMPLAINT | $400.00 | $0.00 | $0.00 | $400.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

*Top of Page*

| Ar Plan PaymentPlanID | Ordered Amt | Paid | Dismissed | Balance | Delinquent |
|-----------------------|-------------|------|-----------|---------|------------|
| 226796 | $400.00 | $0.00 | $0.00 | $400.00 | $0.00 |
| 226805 | $10.00 | $10.00 | $0.00 | $0.00 | $0.00 |

*Top of Page*

| AR SCHEDULE PAYMENTPLANID | SCHED_DT | AMT_OWED | AMT_PAID | ACTUAL_DT |
|---------------------------|----------|----------|----------|-----------|
| 226796 | 10/21/2019 | | $400.00 | $0.00 |

| AR SCHEDULE PAYMENTPLANID | SCHED_DT | AMT_OWED | AMT_PAID | ACTUAL_DT |
|---------------------------|----------|----------|----------|-----------|
| 226805 | 8/19/2019 | | $10.00 | $10.00 |

*Top of Page*

| Restitution |
|-------------|
| LastOrBusinessName Firstname RestitutionID RestitutionType RestitutionAmount AmountPaid AmountOutstanding |

*Top of Page*

Filing # 86854947 E-Filed 03/22/2019 05:13:09 PM

# EXHIBIT "A"

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

Case No.: <u>2019 CA 001714</u>
Judge: _____

<u>JOHN BURT MCALPIN</u>
Plaintiff
vs.
<u>TOWN OF SNEADS</u>
Defendant

### II.    TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

# EXHIBIT "A"

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.    **REMEDIES SOUGHT** (check all that apply):
        ☒    Monetary;
        ☒    Non-monetary declaratory or injunctive relief;
        ☒    Punitive

IV.    **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

    <u>1</u>

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐    Yes
        ☒    No

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒    No
        ☐    Yes – If "yes" list all related cases by name, case number and court:

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒    Yes
        ☐    No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Marie A Mattox</u>    FL Bar No.: <u>739685</u>
      Attorney or party                                    (Bar number, if attorney)

<u>Marie A Mattox</u>      <u>03/22/2019</u>
    (Type or print name)                      Date

Filing # 86854947 E-Filed 03/22/2019 **EXHIBIT "A"**

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL
CIRCUIT, IN AND FOR JACKSON
COUNTY, FLORIDA
2019 CA 001714
**JOHN "BURT" McALPIN,**          CASE NO.: 19-CA-
                                   FLA BAR NO.:0739685
        **Plaintiff,**

v.

**TOWN OF SNEADS,**

        **Defendant.**
_____/

## COMPLAINT

Plaintiff, JOHN "BURT" McALPIN, hereby sues Defendant, TOWN OF SNEADS, and

alleges:

### NATURE OF THE ACTION

1.      This is an action brought under §112.3187, et seq., and the Family and Medical

Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624.

2.       This is an action involving claims which are, valued individually, in excess

of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### PARTIES

3.      At all times pertinent hereto, Plaintiff, JOHN "BURT" McALPIN, has been a

resident  of the State of Florida and was employed by Defendant.  Moreover, Plaintiff is a

member of a protected class because he opposed or reported gross mismanagement, malfeasance,

misfeasance, and was subject to retaliation thereafter.

4.      At all times pertinent hereto, Defendant, TOWN OF SNEADS, has been

organized and  existing under the laws of the State of Florida.  At all times pertinent to this

# EXHIBIT "A"

action, Defendant has been an "employer" as that term is used under the applicable laws identified above.   Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff began his employment with Defendant on March 6, 2006, as Chief of Police, and held that position until his wrongful termination on October 9, 2018.

7.      During Plaintiff's employment with Defendant, he reported and disclosed violations of rules, regulations and laws, and/or malfeasance, misfeasance and/or gross misconduct to persons both inside and outside of his normal chain of command, and to others having the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws that Plaintiff reported.  As the result of the foregoing, Defendant retaliated against Plaintiff by terminating his employment.

8.      Plaintiff also disclosed information protected under §112.3187(5) when he participated in investigations, hearings, or other inquiries and reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187(5), Florida Statutes.

9.       The retaliation came at the hands of specifically, but not limited to: LYNDA BELL (hereinafter "BELL") Defendant's City Manager; HELEN GRICE (hereinafter "GRICE") Defendant's Town Council President; DANNY PETTIS (hereinafter "PETTIS") Defendant's Town Council Member; and, DARYL JOHNSON (hereinafter "JOHNSON") Defendant's Town Council Member.

10.      On or about August 18, 2017, JOHNSON approached Plaintiff and requested a

2

# EXHIBIT "A"

traffic citation issued to JOHNSON's son be "taken care of" by Plaintiff.  Plaintiff refused

JOHNSON's request for improper handling of the citation.

11.     On or about June 11, 2018, Plaintiff notified GRICE that PETTIS and

JOHNSON each had previous criminal convictions in Gadsden County, Florida.

12.     Plaintiff advised GRICE that in 1991, PETTIS and JOHNSON were each

employed as corrections officers at the Florida State Hospital.  During that time, PETTIS and

JOHNSON were each convicted of battery of a disabled inmate, and failure to report use of

force.

13.     On or about June 11, 2018, Plaintiff requested of GRICE that neither PETTIS,

nor JOHNSON, be appointed as liaison to the Defendant's Police Department due to the nature

of their criminal convictions.

14.     On June 12, 2018, rather than respecting Plaintiff's request, GRICE appointed

PETTIS as liaison to the Defendant's Police Department.

15.     GRICE's appointment of PETTIS was in apparent retaliation against Plaintiff

for reporting PETTIS and JOHNSON's prior criminal conduct, because GRICE declined to

appoint other more qualified candidates to the liaison position.

16.     Defendant's retaliatory conduct against Plaintiff escalated after GRICE's

appointment of PETTIS as liaison.

17.     On or about June 12, 2018, during Defendant's Town Council meeting, PETTIS

and JOHNSON directed the illegal removal of disciplinary public records from the personnel

file of Defendant's employee, Brad Allen, a violation of Chapter 119, Florida Statutes.

18.     At that time, Plaintiff challenged PETTIS and JOHNSON's directive to remove

3

# EXHIBIT "A"

the public records as a violation of Chapter 119, Florida Statutes.

19.     In August 2018, Plaintiff reported suspected criminal activity by Defendant's officials to the Florida Department of Law Enforcement (hereinafter "FDLE") and Defendant's Town Council members, including but not limited to GRICE, PETTIS and, JOHNSON.

20.     Specifically, on August 3, 2018, Plaintiff presented a sworn witness' affidavit to FDLE Special Agents Lawson and Dickson, pertaining to suspicious activity regarding Town Clerk Sherri Griffin's (hereinafter "Griffin") possible theft of gate proceeds from a ball tournament.

21.     As part of the ensuing FDLE investigation, Plaintiff also reported his concerns regarding Griffin's handling of Defendant's funds and a budget shortage, and possible misappropriation of funds, in the amount of approximately $20,742 (twenty thousand seven hundred and forty-two dollars).

22.     On or about August 9, 2018, Plaintiff formally advised Defendant in writing that he had reported suspected criminal conduct by Defendant's official to FDLE, and requested whistle-blower status and protection.

23.     During this time in 2018, Plaintiff suffered from a serious medical (health) condition resulting in large part from Defendant's harassment of, and retaliatory conduct towards, Plaintiff described in part herein.  In early to mid 2018, after the retaliatory conduct began, Plaintiff began to take sick leave as he was developing a serious health condition due to the stress from Defendant as described in part herein.

24.     After Plaintiff reported the matters above, BELL improperly and illegally instructed Plaintiff to violate public records law regarding access to records regarding an active

4

# EXHIBIT "A"

murder investigation and instructed Plaintiff to give records pertaining to an active criminal investigation to a defense attorney for which there was an exemption under Chapter 119, Florida Statutes.

25.     BELL also violated HIPPA by improperly and illegally contacting Plaintiff's health care providers attempting to gain access to his medical records and health information.

26.     BELL then demanded Plaintiff return his official vehicle to the Defendant's police station while he was on medical leave, including threatening to report the vehicle as stolen and then had the lock cut off of Plaintiff's office door at Defendant's police station.

27.     Plaintiff was eventually directed by health care professionals, including his physician, to take time off of work to facilitate his recovery from his serious health condition.

28.     Plaintiff advised BELL on at least three separate occasions that he was directed by health care professionals, including his physician, to take time off of work to address his serious health condition.

29.     BELL badgered and harassed Plaintiff with almost daily emails and telephone calls regarding his vehicle, office, medical leave and other matters during his legitimate and appropriate use of medical leave to address his serious health condition.

30.     Plaintiff was thereafter placed on FMLA leave by his physician due to his serious health condition.

31.     Defendant was aware of Plaintiff's FMLA status and his serious health condition.

32.     Thereafter, BELL improperly and illegally interfered with Plaintiff's ability to access benefits afforded under the FMLA.

5

# EXHIBIT "A"

33.    BELL also harassed Plaintiff regarding his use of FMLA benefits, thereby exacerbating his serious health condition.

34.    Plaintiff reported harassment by Defendant, including but not limited to daily emails from BELL, to Defendant's legal counsel, H. Guy Green.

35.    Defendant retaliated against Plaintiff for reporting the gross mismanagement, malfeasance, misfeasance of Defendant's officials including, but not limited to, Griffin, and accessing lawful benefits under the FMLA, by wrongfully terminating Plaintiff's employment while he was away from work on FMLA leave, on October 9, 2018.  Plaintiff was told at the time of his termination that he was allegedly insubordinate, which was false and contrived.

36.    Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws cited above.

## COUNT I
## PUBLIC WHISTLEBLOWER

37.    Paragraphs 1 through 36 above are re-alleged and incorporated herein by reference.

38.    This count sets forth a claim against Defendant under §112.3187, et seq., Florida Statutes.  Plaintiff was a public employee protected under the provisions of Chapter 112, Florida Statutes.

39.    As stated more specifically in part above, Plaintiff reported and disclosed violations of rules, regulations and laws, and/or malfeasance, misfeasance and/or gross misconduct to persons both inside and outside of his normal chain of command, and to others having the authority to investigate, police, manage and otherwise remedy the violations of rules,

6

# EXHIBIT "A"

regulations and laws that he reported. Plaintiff also disclosed this information when he participated in investigations, hearings, or other agency inquiries. Plaintiff reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187(5), Florida Statutes.

40.     After reporting these matters and/or participating in investigations, hearings, or other agency inquiries, as related in part above, Plaintiff was the victim of retaliatory actions set forth in part above including without limitation his suspension and termination.

41.     Defendant's actions against Plaintiff were the result of Plaintiff reporting violations of rules, regulations or laws, and/or malfeasance, misfeasance or gross misconduct, and/or Plaintiff's complaints and participation in investigations, hearings or other inquiries, specified in part above.

42.     The actions of all employees within Defendant who affected Plaintiff's employment adversely did so at least in part in retaliation against him for his "whistleblowing" activities.

44.     As a direct and proximate result of the actions taken against him by Defendant, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of benefits, and other tangible damages. These damages have occurred in the past, are occurring at present and will occur in the future. Plaintiff is entitled to injunctive relief.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

45.     Paragraphs 1 through 37 above are re-alleged and incorporated herein by reference.

7

# EXHIBIT "A"

46.     This is an action against Defendant for harassing Plaintiff due to using leave time, and for terminating Plaintiff for taking time off that was authorized by and protected under the FMLA. This is thus both an interference and retaliation claim.

47.     After requesting and trying to take leave for serious health conditions, Defendant harassed Plaintiff and took adverse personnel actions against him.

48.     Plaintiff was denied rights and benefits conferred by the FMLA and was terminated after requesting and being on protected leave. Plaintiff worked for Defendant for more than one year and worked for more than 1,250 hours in the year immediately preceding his need for leave under the FMLA. Defendant has 50 employees within a 75 mile radius and is subject to the FMLA.

49.     Defendant's violations of the FMLA were willful.

50.     As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of employment, as well as the security and peace of mind it provided. Plaintiff has incurred damages for lost wages, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

8

# EXHIBIT "A"

(c)     enter judgment against Defendant and for Plaintiff awarding all legally available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 22nd day of March 2019.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801 Email:
marie@mattoxlaw.com Secondary
emails: michelle2@mattoxlaw.com
marlene@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

# EXHIBIT "A"

**IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT, IN AND
FOR JACKSON COUNTY, FLORIDA**

2019 CA 001714

**JOHN "BURT" McALPIN,**

**CASE NO.: 19-CA**

     **Plaintiff,**

v

# **Summons**

**TOWN OF SNEADS,
FLORIDA**

     **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **TOWN OF SNEADS, FLORIDA
c/o Lynda Bell, Manager
Sneads Town Hall
2028 Third Avenue
Sneads, FL 32460**

Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ___7 / 19_____, 2019.

CLERK OF THE CIRCUIT COURT

By: _____

# EXHIBIT "A"

**IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT, IN AND
FOR JACKSON COUNTY, FLORIDA**

JOHN "BURT" McALPIN,                                 CASE NO.: 19-CA 1714

      Plaintiff,

v                                                    # Summons

TOWN OF SNEADS,
FLORIDA

      Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

7/19/19 @ 1:30p

Daniel McMillan CPS 177

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **TOWN OF SNEADS, FLORIDA
c/o Lynda Bell, Manager
Sneads Town Hall
2028 Third Avenue
Sneads, FL 32460**

Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on __7 / 19_____, 2019.

                    CLERK OF THE CIRCUIT COURT

                    By:

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL
CIRCUIT, IN AND FOR JACKSON
COUNTY, FLORIDA

JOHN "BURT" McALPIN,

      Plaintiff,

CASE NO.: 19-CA-
FLA BAR NO.:0739685

v.

TOWN OF SNEADS,

      Defendant.

_____/

## COMPLAINT

    Plaintiff, JOHN "BURT" McALPIN, hereby sues Defendant, TOWN OF SNEADS, and

alleges:

## NATURE OF THE ACTION

    1.    This is an action brought under §112.3187, et seq., and the Family and Medical

Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624.

    2.    This is an action involving claims which are, valued individually, in excess

of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

## PARTIES

    3.    At all times pertinent hereto, Plaintiff, JOHN "BURT" McALPIN, has been a

resident of the State of Florida and was employed by Defendant.  Moreover, Plaintiff is a

member of a protected class because he opposed or reported gross mismanagement, malfeasance,

misfeasance, and was subject to retaliation thereafter.

    4.    At all times pertinent hereto, Defendant, TOWN OF SNEADS, has been

organized and  existing under the laws of the State of Florida.  At all times pertinent to this

# EXHIBIT "A"

action, Defendant has been an "employer" as that term is used under the applicable laws identified above.  Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff began his employment with Defendant on March 6, 2006, as Chief of Police, and held that position until his wrongful termination on October 9, 2018.

7.      During Plaintiff's employment with Defendant, he reported and disclosed violations of rules, regulations and laws, and/or malfeasance, misfeasance and/or gross misconduct to persons both inside and outside of his normal chain of command, and to others having the authority to investigate, police, manage and otherwise remedy the violations of rules, regulations and laws that Plaintiff reported.  As the result of the foregoing, Defendant retaliated against Plaintiff by terminating his employment.

8.      Plaintiff also disclosed information protected under §112.3187(5) when he participated in investigations, hearings, or other inquiries and reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187(5), Florida Statutes.

9.      The retaliation came at the hands of specifically, but not limited to: LYNDA BELL (hereinafter "BELL") Defendant's City Manager; HELEN GRICE (hereinafter "GRICE") Defendant's Town Council President; DANNY PETTIS (hereinafter "PETTIS") Defendant's Town Council Member; and, DARYL JOHNSON (hereinafter "JOHNSON") Defendant's Town Council Member.

10.     On or about August 18, 2017, JOHNSON approached Plaintiff and requested a

2

# EXHIBIT "A"

traffic citation issued to JOHNSON's son be "taken care of" by Plaintiff.  Plaintiff refused

JOHNSON's request for improper handling of the citation.

11.     On or about June 11, 2018, Plaintiff notified GRICE that PETTIS and

JOHNSON each had previous criminal convictions in Gadsden County, Florida.

12.     Plaintiff advised GRICE that in 1991, PETTIS and JOHNSON were each

employed as corrections officers at the Florida State Hospital.  During that time, PETTIS and

JOHNSON were each convicted of battery of a disabled inmate, and failure to report use of

force.

13.     On or about June 11, 2018, Plaintiff requested of GRICE that neither PETTIS,

nor JOHNSON, be appointed as liaison to the Defendant's Police Department due to the nature

of their criminal convictions.

14.     On June 12, 2018, rather than respecting Plaintiff's request, GRICE appointed

PETTIS as liaison to the Defendant's Police Department.

15.     GRICE's appointment of PETTIS was in apparent retaliation against Plaintiff

for reporting PETTIS and JOHNSON's prior criminal conduct, because GRICE declined to

appoint other more qualified candidates to the liaison position.

16.     Defendant's retaliatory conduct against Plaintiff escalated after GRICE's

appointment of PETTIS as liaison.

17.     On or about June 12, 2018, during Defendant's Town Council meeting, PETTIS

and JOHNSON directed the illegal removal of disciplinary public records from the personnel

file of Defendant's employee, Brad Allen, a violation of Chapter 119, Florida Statutes.

18.     At that time, Plaintiff challenged PETTIS and JOHNSON's directive to remove

3

# EXHIBIT "A"

the public records as a violation of Chapter 119, Florida Statutes.

19.     In August 2018, Plaintiff reported suspected criminal activity by Defendant's officials to the Florida Department of Law Enforcement (hereinafter "FDLE") and Defendant's Town Council members, including but not limited to GRICE, PETTIS and, JOHNSON.

20.     Specifically, on August 3, 2018, Plaintiff presented a sworn witness' affidavit to FDLE Special Agents Lawson and Dickson, pertaining to suspicious activity regarding Town Clerk Sherri Griffin's (hereinafter "Griffin") possible theft of gate proceeds from a ball tournament.

21.     As part of the ensuing FDLE investigation, Plaintiff also reported his concerns regarding Griffin's handling of Defendant's funds and a budget shortage, and possible misappropriation of funds, in the amount of approximately $20,742 (twenty thousand seven hundred and forty-two dollars).

22.     On or about August 9, 2018, Plaintiff formally advised Defendant in writing that he had reported suspected criminal conduct by Defendant's official to FDLE, and requested whistle-blower status and protection.

23.     During this time in 2018, Plaintiff suffered from a serious medical (health) condition resulting in large part from Defendant's harassment of, and retaliatory conduct towards, Plaintiff described in part herein.  In early to mid 2018, after the retaliatory conduct began, Plaintiff began to take sick leave as he was developing a serious health condition due to the stress from Defendant as described in part herein.

24.     After Plaintiff reported the matters above, BELL improperly and illegally instructed Plaintiff to violate public records law regarding access to records regarding an active

4

# EXHIBIT "A"

murder investigation and instructed Plaintiff to give records pertaining to an active criminal investigation to a defense attorney for which there was an exemption under Chapter 119, Florida Statutes.

25.     BELL also violated HIPPA by improperly and illegally contacting Plaintiff's health care providers attempting to gain access to his medical records and health information.

26.     BELL then demanded Plaintiff return his official vehicle to the Defendant's police station while he was on medical leave, including threatening to report the vehicle as stolen and then had the lock cut off of Plaintiff's office door at Defendant's police station.

27.     Plaintiff was eventually directed by health care professionals, including his physician, to take time off of work to facilitate his recovery from his serious health condition.

28.     Plaintiff advised BELL on at least three separate occasions that he was directed by health care professionals, including his physician, to take time off of work to address his serious health condition.

29.     BELL badgered and harassed Plaintiff with almost daily emails and telephone calls regarding his vehicle, office, medical leave and other matters during his legitimate and appropriate use of medical leave to address his serious health condition.

30.     Plaintiff was thereafter placed on FMLA leave by his physician due to his serious health condition.

31.     Defendant was aware of Plaintiff's FMLA status and his serious health condition.

32.     Thereafter, BELL improperly and illegally interfered with Plaintiff's ability to access benefits afforded under the FMLA.

5

# EXHIBIT "A"

33. BELL also harassed Plaintiff regarding his use of FMLA benefits, thereby exacerbating his serious health condition.

34. Plaintiff reported harassment by Defendant, including but not limited to daily emails from BELL, to Defendant's legal counsel, H. Guy Green.

35. Defendant retaliated against Plaintiff for reporting the gross mismanagement, malfeasance, misfeasance of Defendant's officials including, but not limited to, Griffin, and accessing lawful benefits under the FMLA, by wrongfully terminating Plaintiff's employment while he was away from work on FMLA leave, on October 9, 2018. Plaintiff was told at the time of his termination that he was allegedly insubordinate, which was false and contrived.

36. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws cited above.

## COUNT I
## PUBLIC WHISTLEBLOWER

37. Paragraphs 1 through 36 above are re-alleged and incorporated herein by reference.

38. This count sets forth a claim against Defendant under §112.3187, et seq., Florida Statutes. Plaintiff was a public employee protected under the provisions of Chapter 112, Florida Statutes.

39. As stated more specifically in part above, Plaintiff reported and disclosed violations of rules, regulations and laws, and/or malfeasance, misfeasance and/or gross misconduct to persons both inside and outside of his normal chain of command, and to others having the authority to investigate, police, manage and otherwise remedy the violations of rules,

6

# EXHIBIT "A"

regulations and laws that he reported.  Plaintiff also disclosed this information when he

participated in investigations, hearings, or other agency inquiries.  Plaintiff reported malfeasance,

misfeasance, and other acts specifically outlined in §112.3187(5), Florida Statutes.

40.     After reporting these matters and/or participating in investigations, hearings, or

other agency inquiries, as related in part above, Plaintiff was the victim of retaliatory actions set

forth in part above including without limitation his suspension and termination.

41.     Defendant's actions against Plaintiff were the result of Plaintiff reporting

violations of rules, regulations or laws, and/or malfeasance, misfeasance or gross misconduct,

and/or Plaintiff's complaints and participation in investigations, hearings or other inquiries,

specified in part above.

42.     The actions of all employees within Defendant who affected Plaintiff's

employment adversely did so at least in part in retaliation against him for his "whistleblowing"

activities.

44.     As a direct and proximate result of the actions taken against him by Defendant,

Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of

benefits, and other tangible damages.  These damages have occurred in the past, are occurring at

present and will occur in the future.  Plaintiff is entitled to injunctive relief.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

45.     Paragraphs 1 through 37 above are re-alleged and incorporated herein by

reference.

# EXHIBIT "A"

46.   This is an action against Defendant for harassing Plaintiff due to using leave time, and for terminating Plaintiff for taking time off that was authorized by and protected under the FMLA. This is thus both an interference and retaliation claim.

47.   After requesting and trying to take leave for serious health conditions, Defendant harassed Plaintiff and took adverse personnel actions against him.

48.   Plaintiff was denied rights and benefits conferred by the FMLA and was terminated after requesting and being on protected leave. Plaintiff worked for Defendant for more than one year and worked for more than 1,250 hours in the year immediately preceding his need for leave under the FMLA. Defendant has 50 employees within a 75 mile radius and is subject to the FMLA.

49.   Defendant's violations of the FMLA were willful.

50.   As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of employment, as well as the security and peace of mind it provided. Plaintiff has incurred damages for lost wages, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)   that process issue and this Court take jurisdiction over this case;

(b)   that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

8

# EXHIBIT "A"

(c)     enter judgment against Defendant and for Plaintiff awarding all legally available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 22nd day of March 2019.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801 Email:
marie@mattoxlaw.com Secondary
emails: michelle2@mattoxlaw.com
marlene@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

9

# EXHIBIT "A"



THE HONORABLE

# GWEN MARSHALL

CLERK OF THE CIRCUIT COURT AND COMPTROLLER

CLERK OF COURTS • COUNTY COMPTROLLER • AUDITOR • TREASURER • RECORDER

July 19, 2019

John Burt Mcalpin
C/O Mattox, Marie A
310 East Bradford Road
Tallahassee, Fl 32303

Re: Case # 2019 CA 001714

Dear Sir/Madam:

On 07/19/2019, you filed a new case or reopen motion or requested services like copies or recording with this office in the above case. The paperwork has been processed, but you have not paid the statutorily required fees of $400.00. Please submit payment to this office within 90 days of the date of this letter.

If we have not received your payment by the date noted, a $25.00 administrative set up fee per FS 28.24(26) will be assessed. In addition, pursuant to FS 28.246(6), this matter may be referred to a collection law firm, which could add 40% to the amount owed.

Please submit your payment in person or mail payment to the address noted below. Make sure to reference your case number when presenting payment.

Thank you for your immediate attention to this issue.

Sincerely,

_____
Deputy Clerk

# EXHIBIT "A"



THE HONORABLE

## GWEN MARSHALL

CLERK OF THE CIRCUIT COURT AND COMPTROLLER

CLERK OF COURTS • COUNTY COMPTROLLER • AUDITOR • TREASURER • RECORDER

July 19, 2019

John Burt Mcalpin
C/O Mattox, Marie A
310 East Bradford Road
Tallahassee, Fl 32303

Re: Case # 2019 CA 001714

Dear Sir/Madam:

On 07/19/2019, you filed a new case or reopen motion or requested services like copies or recording with this office in the above case. The paperwork has been processed, but you have not paid the statutorily required fees of $10.00. Please submit payment to this office within 90 days of the date of this letter.

If we have not received your payment by the date noted, a $25.00 administrative set up fee per FS 28.24(26) will be assessed. In addition, pursuant to FS 28.246(6), this matter may be referred to a collection law firm, which could add 40% to the amount owed.

Please submit your payment in person or mail payment to the address noted below. Make sure to reference your case number when presenting payment.

Thank you for your immediate attention to this issue.

Sincerely,

Deputy Clerk

# EXHIBIT "A"

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA**
2019 CA 001714
**FILING NUMBER: 86854947**
**FLA BAR NO.:0739685**

**JOHN "BURT" McALPIN,**

      **Plaintiff,**

**v.**

**TOWN OF SNEADS,**

      **Defendant.**

_____/

## MOTION TO CORRECT INITIAL FILING OF COMPLAINT, PRESERVE FILING DATE AND ACCEPT COMPLAINT AS TIMELY FILED

Plaintiff, JOHN "BURT" McALPIN, through his counsel, files this Motion to Correct Initial Filing of Complaint, Preserve Filing Date, and Accept Complaint as Timely Filed and states the following in support thereof:

1.     Plaintiff filed the initial complaint in this case on March 22, 2019 on the State E-filing Portal, filing number 86854947.  [See attached Exhibit A].

2.     An administrative error occurred wherein the filing was processed through Leon County as the complaint should have been filed in Jackson County.

4.     On June 18, 2019, with 32 days remaining for proper and timely service, the assistant to counsel for Plaintiff went in to the portal to retrieve the issued summons for delivery to her licensed process server for timely execution of service.

5.     Once in the portal, it was discovered that the filing had not been process by the Clerk and notifications of corrections or mis-filings were not received by the undersigned firm.

6.     As a result, the filing was sent to the abandoned queue and the Clerk has stated

# EXHIBIT "A"

that the filing cannot be retrieved for processing or referral to the correct county.

7.     Through this Motion, Plaintiff is requesting that an Order be entered that the filing be retrieved from the abandoned queue and moved to the correction queue for processing so that a case number can be affixed and a motion filed for transfer to the proper county so that the filing date of March 22, 2019 is preserved.

WHEREFORE, Plaintiff respectfully asks this Court to enter an order granting her request to correct the initial filing and/or preserve the filing date of the original complaint, all for the reasons set forth in full above.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile:   (850) 383-4801
 Email: marie@mattoxlaw.com
Secondary emails:
michelle2@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

2

**EXHIBIT "A"**

# EXHIBIT A

# EXHIBIT "A"

**Marlene Narro**

| | |
|---|---|
| **From:** | eservice@myflcourtaccess.com |
| **Sent:** | Friday, March 22, 2019 5:14 PM |
| **Subject:** | SERVICE OF COURT DOCUMENT CASE NUMBER New Case JOHN BURT MCALPIN VS TOWN OF SNEADS |
| **Attachments:** | Circuit CivilFamily Law Cover Sheet.pdf; Complaint Concerning Discrimination.pdf; Summons To Be Issued By Clerk.pdf |

## Notice of Service of Court Documents

## Filing Information

| | |
|---|---|
| Filing #: | 86854947 |
| Filing Time: | 03/22/2019 05:13:59 PM ET |
| Filer: | Marie A Mattox 850-383-4800 |
| Court: | Second Judicial Circuit in and for Leon County, Florida |
| Case #: | New Case |
| Court Case #: | NEW CASE |
| Case Style: | JOHN BURT MCALPIN VS TOWN OF SNEADS |

## Documents

| Title | File |
|---|---|
| Circuit Civil/Family Law Cover Sheet | CivilCoverSheet.pdf |
| Complaint Concerning Discrimination | com_1(McAlpin John) dn.pdf |
| Summons To Be Issued By Clerk | sums.pdf |

## E-service recipients selected for service:

| Name | Email Address |
|---|---|
| Marie A Mattox | marie@mattoxlaw.com |
| | michelle@mattoxlaw.com |
| | marlene@mattoxlaw.com |

## E-service recipients not selected for service:

# EXHIBIT "A"

| Name | Email Address |
|------|---------------|
| No Matching Entries | |

This is an automatic email message generated by the Florida Courts E-Filing Portal. This email address does not receive email.

Thank you,
The Florida Courts E-Filing Portal

request_id#:86854947;Audit#:292875674;UCN#:New Case;

2

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

2019 CA 001714

John "Burt" McAlpin,                              Filing Number: 86854947
                                                  FLA BAR NO.: 0739685

      Plaintiff(s),                          CIVIL DIVISION

vs.

Town Of Sneads,

      Defendant(s).
_____/

## ORDER GRANTING IN PART MOTION TO CORRECT INITIAL FILING OF COMPLAINT, PRESERVE FILING DATE AND ACCEPT COMPLAINT AS TIMELY FILED

On July 10, 2019, Plaintiff provided his Motion To Correct Initial Filing Of Complaint, Preserve Filing Date And Accept Complaint As Timely Filed to Chief Judge Sjostrom for review. The Chief Judge assigned this motion to the undersigned as the Administrative Judge of the Civil Division.

This Court has reviewed the motion and grants the relief requested in part. Therefore, the Clerk of Court of Leon County is hereby ordered to retrieve the filing referenced in the motion from the abandoned queue and move it to the correction queue for processing so that a case number can be affixed and a motion filed for transfer to the proper county, and that the filing date of March 22, 2019, be preserved. The request to determine that the Complaint was timely filed is denied without prejudice to consider this issue later in this case, as this Court does not possess sufficient information to make that

# EXHIBIT "A"

determination.

This order is without prejudice to the Defendant, once it is served, to request the judge assigned to the case to reconsider this order if it so desires.  Further, the Plaintiff's counsel is ordered to serve a copy of this order on the City Attorney for the Town of Sneads.

**DONE AND ORDERED** in Tallahassee, Leon County, Florida, on this _18th_ day of July, 2019.

JOHN C. COOPER
CIRCUIT JUDGE

Copies to:

Marie A. Mattox, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, FL 32301

Copies Mailed By
SB on_____ JUL 1 8 2019

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

JOHN "BURT" McALPIN,

      Plaintiff,

v.

TOWN OF SNEADS,

      Defendant.

_____/

CASE No.: 19-CA 1714
FLA BAR NO.:0739685

## <u>MOTION TO TRANSFER VENUE</u>

    Plaintiff, JOHN "BURT" McALPIN, through his counsel, pursuant to Rule 1.060, Fla.R.Civ.Proc., and Chapter 47, Florida Statutes, moves for this case to be transferred to the Fourteenth Judicial Circuit, Jackson County, Florida as it was inadvertently filed in the Second Judicial Circuit, Leon County, Florida.   Plaintiff regrets any inconvenience to the Court.

    WHEREFORE, Plaintiff respectfully requests that this case be transferred to Jackson County, Florida, all for the reasons set forth more fully above.

                    Respectfully submitted,

                    /s/ Marie A. Mattox
                    Marie A. Mattox [FBN 0739685]
                    MARIE A. MATTOX, P.A.
                    203 North Gadsden Street
                    Tallahassee, FL 32301
                    (850) 383-4800 (telephone)
                    (850) 383-4801 (Facsimile)

                    ATTORNEYS FOR PLAINTIFF

# EXHIBIT "A"

## VERIFIED RETURN OF SERVICE

Job # T193228

**Client Info:**

MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| JOHN "BURT" McALPIN | |
| -versus- | |
| **DEFENDANT:** | County of Leon, Florida |
| TOWN OF SNEAD, FLORIDA | Court Case # **19-CA-1714** |

**Service Info:**

**Date Received by Accurate Serve: 7/19/2019** at **01:46 PM**
**Service:** I Served **TOWN OF SNEAD, FLORIDA C/O LYNDA BELL, MANAGER, SNEADS TOWN HALL**
With: **SUMMONS; COMPLAINT**
by leaving with **LYNDA BELL, TOWN MANAGER**

**At Business 2028 THIRD AVENUE, SNEADS, FL 32460**
On **7/19/2019** at **02:30 PM**
**Manner of Service: GOVERMENT AGENCY**
PUBLIC AGENCY SERVICE: F.S. 48.111 (1)(a)(b)(c) (2) (3)

I **DANIEL MCMILLAN** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _____
**DANIEL MCMILLAN**
Lic # **177**
**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Our Job # **T193228**




1 of 1

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

John "Burt" McAlpin,

        Plaintiff(s),

vs.

Town Of Sneads,

        Defendant(s).

_____/

Case No. 2019-CA-1714
FLA BAR NO.: 0739685

CIVIL DIVISION

## ORDER DEFERRING RULING ON MOTION TO TRANSFER VENUE

On July 23, 2019, the Plaintiff filed a motion to transfer venue.  However, since the

Defendant has not yet been served, this Court will reserve ruling on the motion until the

Defendant is served.  Once this occurs, the Defendant will have the opportunity to advise

the Court whether it objects to transferring venue.

**DONE AND ORDERED** in Tallahassee, Leon County, Florida, on this _25th_ day

of July, 2019.

JOHN C. COOPER
CIRCUIT JUDGE

E-Filed By
SB on____JUL 2 6 2019

# EXHIBIT "A"

Copies to:

Marie A. Mattox, Esq.
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, FL 32301

Copies Mailed and/or E-Served
by SB on _____ JUL 2 6 2019

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

JOHN "BURT" McALPIN,

     Plaintiff,

v.                       Case No.:  2019-CA-001714

TOWN OF SNEADS, FLORIDA,

     Defendant.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Defendant, TOWN OF SNEADS, gives notice that by filing a Notice of Removal in the Panama City Division of the United States District Court for the Northern District of Florida, this case has been removed pursuant to 28 U.S.C. §§1331, 1367, 1441, and 1446. A true and correct copy of the Notice of Removal is attached hereto.

Respectfully submitted this 16th  day of August 2019.

**COPPINS MONROE, P.A.**

By: _/s/Gwendolyn P. Adkins_
    Gwendolyn P. Adkins, FBN: 0949566
    C. Todd Owen, FBN: 0112676
    1319 Thomaswood Drive
    Tallahassee, Florida 32308
    Telephone:    (850) 422-2420
    Facsimile:    (850) 422-2730
    gadkins@coppinsmonroe.com
    towen@coppinsmonroe.com
    bmiller@coppinsmonroe.com
    cmarchena@coppinsmonroe.com

    ATTORNEYS FOR DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

Pursuant Rule 2.516, *Florida Rules of Judicial Administration*, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court; I also certify that a true and correct copy of the foregoing was furnished via electronic mail on this <u>16th</u> day of August 2019 to counsel for Plaintiff as follows:

Marie A. Mattox, Esq.
MARIE A. MATTOX, P. A.
marie@mattoxlaw.com
michelle2@mattoxlaw.com
marlene@mattoxlaw.com

/s/ *Gwendolyn P. Adkins*
Attorney

2